**CONE MILLS, INC. and Cortley Fabrics Co., Inc., Plaintiffs,**

v.

**LEVINE & COMPANY, Inc., and Fairwoven Fabrics, Inc., Defendants.**

**No. 68 Civ. 512.**

United States District Court
S. D. New York.

July 2, 1968.

**324**

Strasser, Spiegelberg, Fried & Frank, New York City, for plaintiffs, by Milton R. Ackman, New York City, of counsel.

Ruben Schwartz, New York City, for defendants, by Isaac Henkoff, New York City, of counsel.

### OPINION

POLLACK, District Judge.

Plaintiffs seek an order holding defendants in contempt for admitted violation of Judge Cooper's order of February 8, 1968 temporarily restraining defendants, their servants and employees and all persons and firms in active concert or participation with them from infringing plaintiffs' copyrighted design. After this temporary order was signed, Judge Cannella, on February 29, 1968, enjoined defendants from infringing plaintiff's copyright *pendente lite*.

The only defense raised to the charge of contempt is an asserted lack of wilfulness on the part of defendants. This is insufficient in the circumstances to excuse the disobedience of the order of this Court.

> "The absence of wilfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. * * * Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. * * * An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions." McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949).

Defendants are hereby held in contempt of this Court's order of February 8, 1968 in that on and after that date, defendants, their agents, servants and employees and persons and firms acting in concert or participation with them made, sold or delivered textiles bearing a design which infringes plaintiffs' copyright.

The precise number of instances in which Judge Cooper's order was disobeyed by the defendants or by those acting for or with them cannot be determined from the affidavits submitted. A hearing will be held by the Court to take proof of and fix the plaintiff's damages and a reasonable counsel fee. Settle order on notice leaving the date blank for the hearing. Suggestions for the date should be furnished by counsel on the settlement of the order.